[Cite as *Chris Haus Auto Sales L.L.C. v. Dept. of Job & Family Servs.*, 2018-Ohio-4341.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Chris Haus Auto Sales, LLC,                    :

      Appellant-Appellant,              :

                                   No. 17AP-896

v.                                             :        (C.P.C. No. 17CV-5930)

Ohio Department of Job and Family              :        (REGULAR CALENDAR)
Services et al.,
                                 :

      Appellees-Appellees.             :

                                 :

D E C I S I O N

Rendered on October 25, 2018

**On brief:** *Betras, Kopp & Harshamnn, LLC, Brian P. Kopp*, and *Jennifer M. Reghetti*, for appellant. **Argued:** *Jennifer M. Reghetti.*

**On brief:** *Michael DeWine*, Attorney General, and *Susan M. Sheffield*, for appellees. **Argued:** *Susan M. Sheffield.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Chris Haus Auto Sales, LLC ("CHAS"), appeals from a decision of the Franklin County Court of Common Pleas affirming a decision of the Ohio Unemployment Compensation Review Commission ("the Commission") finding CHAS was the successor in interest to Ron Haus Motorcars, Inc. ("RHM") for purposes of unemployment compensation liability and contribution rate. Because we conclude the Commission's decision was not in accordance with law, we reverse and remand.

**I. Facts and Procedural History**

{¶ 2} This appeal involves the question of whether the Commission properly determined that CHAS, operated by Chris Haus, is the successor in interest for purposes of

unemployment compensation liability and contribution rate of RHM, which was operated by Chris Haus's father, Ron Haus. CHAS, which does business as "Haus Auto Group," was incorporated by Chris in October 2010. At the time, Chris was also an employee of RHM. During 2010 through 2012, CHAS and RHM operated out of the same building in Canfield, Ohio, with CHAS leasing the building from RHM beginning in 2011. RHM filed a petition for bankruptcy on September 2012, and the bankruptcy proceeding closed on February 2013. In April 2013, Chris purchased the building where RHM had previously operated from a court-appointed receiver.

{¶ 3}   In May 2016, CHAS sent a letter to the Ohio Department of Job and Family Services ("ODJFS") asserting CHAS had overpaid on its unemployment compensation fund contributions from 2013 through 2016 due to an inaccurate contribution rate and requesting repayment. On September 1, 2016, the ODJFS Office of Unemployment Compensation notified CHAS of its determination of CHAS's liability and contribution rate, indicating that CHAS had been found to be the successor in interest of RHM for purposes of unemployment compensation law. CHAS filed an appeal of that determination, arguing it was a separate and distinct entity from RHM. Appellee, Director of ODJFS ("the Director") issued a reconsidered decision ("the Reconsidered Decision") affirming the determination of CHAS's liability and contribution rate as the successor in interest to RHM because the evidence was sufficient to demonstrate all of the trade or business of RHM had been transferred to CHAS.  CHAS appealed the Reconsidered Decision to the Commission, and a Commission hearing officer conducted a hearing on the appeal. Following the hearing, the Commission issued a decision affirming the Reconsidered Decision and concluding that CHAS was the successor in interest to RHM because substantially all of the business of RHM was transferred to CHAS.

{¶ 4}   CHAS appealed the Commission's decision to the Franklin County Court of Common Pleas pursuant to R.C. 4141.26(D). The common pleas court affirmed the Commission's decision, holding there was reliable, probative, and substantial evidence to support a conclusion that CHAS was the successor in interest to RHM by operation of law pursuant to R.C. 4141.24(F).

**II. Assignment of error**

{¶ 5}    CHAS appeals and assigns the following single assignment of error for our review:

> The Franklin County Court of Common Pleas erred in affirming the decision of the Unemployment Compensation Review Commission, as its decision that Chris Haus Auto Sales, LLC is a successor-in-interest to Ron Haus Motorcars, Inc. is not supported by reliable, probative, and substantial evidence and is not in accordance with the law.

## III. Analysis

{¶ 6} CHAS appealed the Commission's decision to the common pleas court pursuant to R.C. 4141.26(D)(2), which provides the common pleas court may affirm the Commission's determination if, based on consideration of the entire record, it finds the determination is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, the court may reverse, vacate, or modify the determination, or make other such ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. R.C. 4141.26(D)(2). In resolving evidentiary conflicts, the court must give due deference to the Commission's determination because as the finder of fact it had the opportunity to observe the demeanor of the witnesses and weigh their credibility. *Valentine Contrs., Inc. v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 15AP-86, 2015-Ohio-5576, ¶ 13.

{¶ 7} On appeal from the common pleas court, our standard of review is more limited. On questions of fact, we consider whether the common pleas court abused its discretion. *Valentine Contrs.* at ¶ 14. "When considering appeals involving questions of successor-in-interest liability, this court has defined 'abuse of discretion' as connoting more than an error of judgment, but implying a decision that is without a reasonable basis and clearly wrong." *All Star Personnel, Inc. v. Unemp. Comp. Rev. Comm.*, 10th Dist. No. 05AP-522, 2006-Ohio-1302, ¶ 13. On questions of law, we exercise de novo review. *Valentine Contrs.* at ¶ 14; *Slats & Nails Pallets, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-690, 2015-Ohio-1238, ¶ 8.

{¶ 8} Ohio employers must contribute to the State Unemployment Compensation Fund. R.C. 4141.09; 4141.23(A). The Director must determine each employer's contribution rate, which may be a standard rate or an experience-based rate. R.C. 4141.25(A). Under certain circumstances, an employer may be deemed to be a successor in interest of another employer for purposes of determining experience and contribution rate. In the present appeal, the Director and the Commission determined CHAS was the successor in interest to RHM pursuant to R.C. 4141.24(F).

{¶ 9}    "Generally, R.C. 4141.24(F) provides two methods by which an employer may qualify as a successor in interest: (1) by operation of law or (2) through voluntary application." *Resource Title Natl. Agency, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-39, 2014-Ohio-3427, ¶ 10. The distinction between these two methods, and the appropriate test to be applied to each, is clearly set forth in the statute:

> If an employer transfers *all* of its trade or business to another employer or person, the acquiring employer or person shall be the successor in interest to the transferring employer and shall assume the resources and liabilities of such transferring employer's account, and continue the payment of all contributions, or payments in lieu of contributions, due under this chapter.
>
> If an employer or person acquires *substantially all*, or a clearly segregable and identifiable portion of an employer's trade or business, then *upon the director's approval of a properly completed application for successorship*, the employer or person acquiring the trade or business, or portion thereof, shall be the successor in interest. The director by rule may prescribe procedures for effecting transfers of experience as provided for in this section.

(Emphasis added.) R.C. 4141.24(F). ODJFS has promulgated different administrative rules for each method of becoming a successor in interest pursuant to R.C. 4141.24(F). Ohio Adm.Code 4141-17-04 applies in the case of automatic successorship by operation of law under the first part of R.C. 4141.24(F), whereas Ohio Adm.Code 4141-17-03 applies in cases of voluntary successorship under the second part of R.C. 4141.24(F). It is undisputed that CHAS did not apply to be the successor in interest of RHM. Therefore, the question is whether the Commission properly found CHAS to be the successor in interest of RHM by operation of law pursuant to the first part of R.C. 4141.24(F).

{¶ 10}    Under the first part of R.C. 4141.24(F), an employer must acquire "all of [the] trade or business" of the transferring employer to be considered the successor in interest of the transferring employer by operation of law. This court has held this means the transferring employer must transfer "all the property integral to its business" to the acquiring employer in order for the acquiring employer to be the successor in interest by operation of law. *Resource Title* at ¶ 18.

{¶ 11}    In the present case, the initial determination of liability and contribution rate issued by ODJFS indicated CHAS was found to be the successor in interest to RHM in

accordance with R.C. 4141.24(F) and Ohio Adm.Code 4141-17-04. Although the determination notice did not indicate which part of R.C. 4141.24(F) applied, the reference to Ohio Adm.Code 4141-17-04 establishes it was a determination that CHAS was the successor in interest to RHM by operation of law under the first part of R.C. 4141.24(F). This conclusion required a finding that CHAS acquired all of the trade or business of RHM. R.C. 4141.24(F). Similarly, in the Reconsidered Decision affirming the initial determination, after reviewing the evidence, the Director concluded "[a]ll these factors combines [sic] are sufficient to demonstrate a transfer of 'all of the trade or business' as contemplated by the statute." (Nov. 16, 2016 Director's Reconsidered Determination at 3.)

{¶ 12} Unlike the initial determination and the Reconsidered Decision, however, the Commission does not appear to have relied on the standard set forth in the first part of R.C. 4141.24(F) in its decision on appeal from the Reconsidered Decision. The Commission quoted the full statute in setting forth the relevant law and stated in the reasoning section of the decision that "[s]ection 4141.24(F) of the Ohio Revised Code provides that if an employer transfers all or substantially all of its trade or business to another employer or person, the acquiring employer or person shall be the successor in interest to the transferring employer." (June 7, 2017 Decision at 5.) Thus, the Commission appears to have disregarded the distinction between automatic successorship by operation of law under the first part of R.C. 4141.24(F) and voluntary successorship by application under the second part of R.C. 4141.24(F). After reviewing the evidence, the Commission reached the following conclusion:

> Section 4141.24(F) of the Ohio Revised Code provides that an employer can be considered a successor in interest if the employer or person acquires *substantially all* of an employer's trade or business. The weight of the evidence has established that Chris Haus Auto Sales, LLC, acquired *substantially all* of the business of Ron Haus Motorcars, Inc. Based on the evidence, Chris Haus Auto Sales, LLC, was correctly determined to be a successor in interest to Ron Haus Motor Cars, Inc. and the 2012-2016 contribution rates have been properly computed for Chris Haus Auto Sales, LLC.

(Emphasis added.) (June 7, 2017 Decision at 6.) As noted above, it is undisputed that CHAS did not submit an application for successorship of RHM. Therefore, by applying the "substantially all" standard contained in the second part of R.C. 4141.24(F), the Commission applied the wrong test to determine whether CHAS was the successor in

interest of RHM by operation of law. Pursuant to the first part of R.C. 4141.24(F), the appropriate test would have been whether CHAS acquired *all* of the trade or business integral to the business of RHM.

{¶ 13} The common pleas court affirmed the Commission's decision, concluding it was supported by reliable, probative, and substantial evidence and in accordance with law. In reaching this conclusion, the court found the evidence demonstrated that CHAS became the successor of RHM by operation of law, citing R.C. 4141.24(F) and Ohio Adm.Code 4141-17-04. However, the common pleas court does not appear to have recognized the Commission applied the statutory standard for voluntary successorship by application, rather than the standard for automatic successorship by operation of law.

{¶ 14} Because the Commission applied the incorrect statutory standard in determining whether CHAS had automatically become the successor in interest to RHM by operation of law, the Commission's decision was not in accordance with law and the common pleas court erred by affirming the Commission's decision. On remand, the common pleas court should enter a decision reversing the Commission's decision and remanding the matter for application of the appropriate statutory standard.

{¶ 15} Accordingly, we sustain CHAS's single assignment of error.

## IV. Conclusion

{¶ 16} For the foregoing reasons, we sustain CHAS's single assignment of error and reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed*
*and cause remanded.*

BROWN, P.J., and SADLER, J., concur.

————————————